**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| INFOGATION CORPORATION, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § <br> § <br> § | | NO. 6:20-cv-0366 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
TRANSFER UNDER 28 U.S.C. § 1404(a)**

InfoGation does not dispute that Google's witnesses are closer to the Southern District of California ("SDCA"). And it concedes that InfoGation itself and its witnesses, including CEO Kent Pu, are in the SDCA, where InfoGation previously filed three cases before Judge Huff asserting the same '743 Patent against the same accused features in Google Maps.

In opposing transfer, InfoGation misrepresents the record regarding non-parties. First, without any basis, InfoGation summarily dismisses as unimportant the co-inventor of the '743 Patent, Henry Li. Second, InfoGation submits conclusory declarations from Dooyong Lee and prosecution attorney Stephen C. Beuerle, which include statements that are untrue in light of events that occurred during InfoGation's prior SDCA litigations. Third, grasping for any connection to Texas, InfoGation identifies Michael Mouser who, seven years ago, was allegedly a customer of "InfoGation's technology." But Mr. Mouser has no relevance given InfoGation's representations that it never developed any technology or product practicing the '743 Patent. And even if Mr. Mouser could be relevant, he is likely outside of this Court's subpoena power.

InfoGation also tries to discount Judge Huff's experience with this case because it was three years ago. InfoGation's contention that Judge Huff has forgotten the case is speculative and irrelevant under several analogous cases. Further, if transfer is granted, this case would be assigned to Judge Huff because the SDCA local rules would require Google to file a notice of related cases, identifying InfoGation's prior cases before her. Thus, transfer should be granted.

**A.     Private Factors 1–3: Location Of Witnesses And Evidence Favor Transfer**

As Google's motion established, *both* Google's and InfoGation's headquarters, party witnesses, and documentary evidence are located closer to the SDCA than this District. Dkt. 30 at 2–4. For example, Google's evidence and engineers for the accused Directions API are located at Google's Mountain View, California headquarters. *Id*.; Zhang Decl. at ¶ 3–7, 9.

InfoGation's attempts to downplay Google's location have no merit. First, InfoGation

contends it is "not yet clear" whether its own infringement allegations will concern the "creation, formatting, and use of directions and routes in Directions API," as opposed to other aspects of the Google Maps API.  Dkt. 34 at 1.  But InfoGation recently served infringement contentions, which repeatedly cite to Google webpages describing the Directions API to support infringement for every claim limitation.  Ex. 31 at Ex. A (claim chart).  Second, InfoGation argues that Google's electronic documents and source code can be easily transferred, so their physical location in California is irrelevant.  Dkt. 34 at 5–6.  That argument runs headlong against Fifth Circuit precedent holding that "the physical location of electronic document[s] does affect the outcome of this [first] factor."  *Moskowitz Family LLC v. Globus Medical, Inc.*, No. 6:19-CV-00672-ADA, 2020 WL 4577710, at *3 n.2 (W.D. Tex. July 2, 2020) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008)).  Third, InfoGation's contention that Google's witnesses will "travel by air to attend trial in either San Diego or Waco regardless," so the difference in convenience is "negligible" (Dkt. 34 at 7) similarly contravenes Fifth Circuit law, which requires comparing differences in travel times and distances between venues.  *In re Volkswagen*, 545 F.3d at 317.  Here, the difference in travel times between San Diego and Waco for the party witnesses is more than three hours each way.  *See* Dkt. 30-23 to 30-28.

InfoGation also submits declarations from its CEO Mr. Pu and non-parties Mr. Lee and Mr. Beuerle, asserting that because they are willing to travel to Waco, the greater inconvenience of traveling there is no longer relevant.  Dkt. 34 at 6.  But courts in the Fifth Circuit have rejected that argument, as a witness's willingness to travel does not obviate the inconvenience of that travel for venue analysis.  For example, in *Groupchatter, LLC v. Itron, Inc.*, plaintiff "submitted declarations from the named inventors . . . stating that they would be willing to travel from Georgia to Texas for trial."  No. 6:15-CV-900 JRG-JDL, 2016 WL 2758480, at *4 (E.D. Tex.

May 12, 2016).  The Texas court still granted transfer because "the willingness of these witnesses to travel to Texas carries little weight, as the fact remains that both inventors are located in the Northern District of Georgia, the district to which transfer is sought."  *Id.*  And although Mr. Lee recently moved from California to Seoul, Korea (while keeping his business address in California), the travel time from Seoul to San Diego is three to five hours less each way as compared to Seoul to Waco.  Exs. 32, 33.  So regardless of their willingness to travel to Waco, the closer proximity of Mr. Pu, Mr. Lee, and Mr. Beuerle to San Diego favors transfer.

Further, with respect to Mr. Beuerle, his declaration's assertion that he and his law firm have no documents about the '743 Patent's prosecution (Dkt. 34-8) is contradicted by their actions in InfoGation's prior cases.  In those cases, defendants subpoenaed Mr. Beuerle and his law firm to investigate whether he committed inequitable conduct by lying to the U.S. Patent Office.  Liang Reply Decl. at ¶ 5.  In response, Mr. Beuerle and his law firm produced 15 prosecution-related documents and a privilege log with 80 entries.  Exs. 34, 35.

InfoGation also dismisses as irrelevant Mr. Li, a co-inventor of the '743 Patent.  But InfoGation itself identified Mr. Li as relevant in its initial disclosures in the prior SDCA cases.  Dkt. 30-7.  InfoGation's note that Mr. Li left InfoGation nearly a decade ago does not diminish his relevance as one of two co-inventors.  Mr. Li's relevant knowledge concerns the '743 Patent, filed in 1999.  His departure from InfoGation years later in 2010 does not affect that knowledge.

While Mr. Li is a relevant witness, the same is not true of the only potential witness InfoGation identifies in Texas, Mr. Mouser.  InfoGation never identified Mr. Mouser in its initial disclosures or any other pleading in the SDCA cases.  InfoGation identified Mr. Mouser for the first time in its opposition, where it asserts that Mr. Mouser was a customer of "InfoGation's technology" in 2013 and now lives in Richardson, Texas.  Dkt. 34-3.  But in its discovery

responses in the prior SDCA cases, InfoGation stated that it never developed or sold any product that practiced the '743 Patent. Ex. 36 at 7. Thus, whatever "technology" Mr. Mouser licensed from InfoGation seven years ago is irrelevant to the '743 Patent and any issue in this case, and InfoGation notably does not allege otherwise. Even if Mr. Mouser had relevant knowledge, his address in Richardson, Texas is outside of this District and more than 100 miles from Waco, so he is likely outside of this Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1).

In sum, the relevant facts for private factors one to three are no different from *Moskowitz*, where this Court granted transfer because where both parties were located in or near the transferee forum and no relevant witnesses were in this District. 2020 WL 4577710.

**B.      Private Factor 4:  SDCA's Experience With This Case Favors Transfer**

InfoGation does not dispute that in adjudicating the prior SDCA cases, Judge Huff became familiar with the '743 Patent, having construed the claims and decided motions on substantive issues like § 101 and priority date disputes. But InfoGation posits that Judge Huff has likely forgotten everything she learned because the case was three years ago. Dkt. 34 at 7. InfoGation's assertion is not only speculative; it contravenes decisions from other Texas courts granting transfer to forums that presided over prior, related cases four to five years before the transfer order. *LG Elecs., Inc. v. Hitachi, Ltd.*, No. CIV.A. 9:07-CV-138, 2007 WL 4411035, at *3 (E.D. Tex. Dec. 3, 2007) (transferring to the NDCA, which construed claims of the same patents five years earlier in 2002); *MGM Well Servs., Inc. v. Prod. Control Servs., Inc.*, No. 6:10-CV-88, 2010 WL 11553307, at *6 (E.D. Tex. Nov. 22, 2010) (transferring to the SDTX, which construed claims of an overlapping patent four years earlier in 2006).

InfoGation's other contention, that the case would likely not be assigned to Judge Huff if transferred, is also flawed. SDCA Local Civil Rule 40.1(f) requires parties to file a notice of related cases, including an explanation of "why assignment to a single district judge is or is not

likely to effect a saving of judicial effort." Ex. 37. Pursuant to that rule, if transferred, Google would file a notice identifying InfoGation's prior cases before Judge Huff and explaining why it would be efficient to litigate before her again, which would likely lead to assignment to her.

Finally, InfoGation asserts that it is not forum shopping because the "circumstances under which InfoGation filed its prior lawsuit and defended its choice of forum simply do not exist today." Dkt. 34 at 8. InfoGation, however, provides no further elaboration of what changed circumstances led to its decision to file in this District rather than the SDCA, which InfoGation had repeatedly called its "home district" in opposing efforts to transfer its prior actions to other districts. *See* Dkt. 30 at 5. In truth, the only real changed circumstance that has arisen since InfoGation filed its first set of actions in the SDCA is that Judge Huff issued claim constructions that effectively disposed of InfoGation's cases in that forum. InfoGation's attempt to get a redo in this District should not be rewarded.

## C.     The Public Factors Favor Transfer

With respect to Court congestion, InfoGation does not dispute that Judge Huff's time to trial is 1.9 years, far less than 2.6 years in this District. InfoGation's only responses are that the SDCA's district-wide time to trial is 2.3 years, which is still shorter than this District, and a generic, empty comment that this case will move "swiftly" to trial in this Court. Dkt. 34 at 8.

With respect to local interest, InfoGation concedes that Waco and this District have no interest in this matter. *Id.* at 9. But InfoGation incorrectly asserts the SDCA likewise has no interest. *Id.* The SDCA has an interest because that is where plaintiff InfoGation is headquartered and where the patent was developed, conceived, and prosecuted.

## D.     Conclusion

For the foregoing reasons, this case should be transferred to the SDCA.

Dated: September 8, 2020

Respectfully submitted,

By: */s/J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

Darin W. Snyder (*pro hac vice*)
dsnyder@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
Bess Ibtisam Hanish (*pro hac vice*)
bhanish@omm.com
Daniel Silverman (*pro hac vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 8th day of September, 2020 with a copy of this document via electronic mail.

Dated: September 8, 2020                               */s/J. Mark Mann*
                                                                          **J. Mark Mann**