# EXHIBIT 36

Edward A. Pennington (D.C. Bar No. 422006) (admitted *pro hac vice*)
  epennington@sgrlaw.com
John P. Moy (D.C. Bar No. 466908) (admitted *pro hac vice*)
  jmoy@sgrlaw.com
Sean T.C. Phelan (D.C. Bar No. 997681) (admitted *pro hac vice*)
  sphelan@sgrlaw.com
John P. Pennington (D.C. Bar No. 1018204) (admitted *pro hac vice*)
  jpennington@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: 202.263.4300
Facsimile: 202.263.4329

Michael L. Kirby (SBN 50895)
  mike@kirbyandkirbylaw.com
Heather W. Schallhorn (SBN 299760)
  heather@kirbyandkirbylaw.com
**KIRBY & KIRBY LLP**
501 West Broadway, Suite 1720
San Diego, California 92101
Telephone: 619.487.1500
Facsimile: 619.501.5733

**Attorneys for Plaintiff InfoGation Corp.**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> ZTE (USA), INC., <br><br> Defendant. | Case No.: 3:16-cv-01901-H-JLB <br><br> **INFOGATION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF COMMON INTERROGATORIES TO INFOGATION (NOS. 1-8)** |

1

{K&K02074191}

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION and HTC AMERICA, INC., <br><br> Defendants. | Case No.: 3:16-cv-01902-H-JLB |
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE (DONGGUAN) CO. <br><br> Defendants. | Case No.: 3:16-cv-01903-H-JLB |

Plaintiff InfoGation Corp. ("InfoGation") hereby serves its objections and responses to Defendants' First Set of Common Interrogatories to InfoGation (Nos. 1-8).

**OBJECTIONS TO DEFINITIONS**

1.  InfoGation objects to the definition of "InfoGation," "Plaintiff," "You," and "Your" as vague, ambiguous and irrelevant on the ground that it incorporates the undefined terms "predecessors," "predecessors-in-interest," "successors," or "successors-in-interest."

2. InfoGation objects to the definition of "Defendants" on the ground that it renders interrogatories vague, ambiguous, and irrelevant due to the incorporation of the undefined terms "predecessors," and "successors."

3. InfoGation objects to the definition of "Related Patent" on the ground that it renders interrogatories overbroad, unduly burdensome, ambiguous and irrelevant due to its improper extension to cover patent and patent applications "relating to technologies covered by the '743 patent."

4. InfoGation objects to the definitions of "identify" and "identifying" as applied to a document on the ground that it renders interrogatories overbroad, unduly burdensome, and irrelevant due to the requirements that InfoGation name "each and every author, addressee, distributor, and recipient;[] the date each distributor distributed the document and the date each recipient received the document; and [] the name of each person that has or had possession, custody, or control of the document."

## SPECIFIC OBJECTIONS TO INTERROGATORIES

**COMMON INTERROGATORY NO. 1:**

For each of the Asserted Claims of the '743 Patent, identify the priority date to which InfoGation contends this claim is entitled and the basis for such contention, including (if applicable) all facts and circumstances regarding when, where, how and by whom the subject matter described by that claim was first conceived, reduced to practice, and any alleged diligence from conception to reduction to practice; including but not limited to any and all documents relating to any such conception, diligence and reduction to practice (by production number).

**OBJECTION AND RESPONSE:**

InfoGation objects to this interrogatory on the ground that it is vague and ambiguous due to the undefined term "circumstances." InfoGation further objects to

this Interrogatory on the ground that it improperly calls for legal conclusions and expert testimony due to the incorporation of the terms "conceived," "reduced to practice," "diligence," and "reduction to practice." InfoGation identifies Kent Pu as a person with knowledge of the issues identified above. InfoGation further objects to this request on the ground that the burden of ascertaining or deriving the answer from documents produced herewith is substantially the same for Defendants as it is for InfoGation.

InfoGation was active in the area of navigation technologies, and was developing products and solutions in that navigation technology space. An inventor of the '743 patent, Dr. Kent Pu, was aware of technological developments occurring in the industry, such as efforts by mobile device system and component manufacturers, such as Qualcomm, to develop mobile devices and components that provided increased performance. Likewise, Dr. Pu was aware of developments related to software and system interoperability, such as open standards like XML, which were put forward by companies such as Microsoft. Dr. Pu's awareness of these developments, as well as his great expertise with such technologies, inspired him to conceive of, and develop, the technology that makes up the subject matter of the '743 Patent.

InfoGation identifies the date of first conception of the subject matter of claim 15 of the '743 Patent as at least as early as January 21, 1998. InfoGation diligently

pursued reduction of the invention to practice at least between January 21, 1998 and the filing date of the '743 Patent, January 6, 1999. Pursuant to Federal Rules of Civil Procedure 33(d), InfoGation also refers Defendants to the following documents: Bates range INFO_0000484-INFO_0000517. Discovery is ongoing and InfoGation reserves this response as appropriate.

**COMMON INTERROGATORY NO. 2:**

If InfoGation contends that secondary considerations of non-obviousness apply to any Asserted Claims of the '743 Patent, explain in detail all bases that support or otherwise relate to any such contention for the Asserted Claims, including without limitation, that the subject matter of the Asserted Claims satisfied a long-felt need, solved problems the industry failed to solve, was the subject of skepticism expressed in the industry, has been a commercial success, has had its significance recognized by the industry, has been copied by others, and/or has achieved unexpected results, including identifying each person knowledgeable about such contention, and identifying all documents (by production number) relating to such contention.

**OBJECTION AND RESPONSE:**

InfoGation objects to this interrogatory on the ground that it covers material protected by the attorney-client privilege and/or work-product doctrine. In addition, InfoGation further objects to this interrogatory on the ground that it requires a legal conclusion and expert testimony due to the incorporation of the terms "secondary considerations of non-obviousness." InfoGation objects to each interrogatory on the ground that it prematurely seeks expert testimony prior to the time contemplated under the Court's Scheduling Order. InfoGation objects to this interrogatory because Defendants have not yet properly identified any specific combinations of references

5 INFOGATION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF COMMON INTERROGATORIES TO INFOGATION (NOS. 1-8)

{K&K02074191}

that Defendants assert render claim 15 invalid as obvious under 35 U.S.C. § 103. InfoGation objects to this Interrogatory as impermissibly shifting Defendants' burden of proof regarding invalidity to InfoGation. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2243 (U.S. 2011); *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008). InfoGation further objects to this interrogatory on the ground that it seeks information not within InfoGation's possession, custody, or control, including, but not limited to, information solely within the possession, custody, or control of third parties.

Subject to and without waiving its objections, InfoGation states that pursuant to 35 U.S.C. § 282 a patent is presumed valid. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity. As such, InfoGation is unable to provide a response at this time. Discovery is ongoing and InfoGation reserves the right to amend this response as appropriate.

**COMMON INTERROGATORY NO. 3:**

Identify and describe any commercial embodiment of the '743 Patent and its claims produced or developed by any party who has owned (partially or wholly), been assigned to, or licensed the '743 Patent, including in such description any sale or offer for sale of such commercial embodiments, including without limitation, the quantity of sales, revenue derived from such sales, identity of purchasers, and the dates of first and last manufacture and sale of each such commercial embodiment.

**OBJECTION AND RESPONSE:**

InfoGation objects to this interrogatory on the ground that it is vague and ambiguous due to the incorporation of the undefined terms "produced," "developed," "party," "commercial embodiments," and "manufacture." InfoGation further objects to this interrogatory on the ground that it calls for a legal conclusion due to the incorporation of the term "commercial embodiments [of the '743 patent]". InfoGation further objects to this interrogatory on the ground that it is overbroad, unduly burdensome, and irrelevant because it is not limited to the territory of the United States. InfoGation further objects to this interrogatory on the ground that the language ". . . any party who has . . . been assigned to . . . the '743 patent" is unintelligible.

==Subject to its objections, InfoGation states that it is not aware of any commercial embodiments of the '743 patent by a company or individual that owned or had a license to the '743 patent. InfoGation is not withholding any information on the basis of its objections. InfoGation's investigation into its claims and defenses is ongoing and reserves the right to supplement this response if appropriate.==

**COMMON INTERROGATORY NO. 4:**

For each product made, used, sold, offered for sale, or imported by InfoGation, any past/present assignees or licensees of the '743 Patent, or any third party that has practiced any claim of the '743 Patent, describe the complete bases for your contention that the marking and notice requirements of 35 U.S.C. § 287 have been met, including for each such product, identifying: its name, model number, trade name, or trademark; the dates each product was first made, sold, offered for

sale, or licensed; whether such product has been consistently marked pursuant to 35 U.S.C. § 287 throughout the time that that product was made, used, sold, or offered for sale; if marked, describe how and when such product was marked and all persons with knowledge of such marking.

**OBJECTION AND RESPONSE:**

InfoGation objects to this interrogatory on the ground that it is vague and ambiguous due to the incorporation of the undefined terms "third party," and "practiced." InfoGation further objects to this interrogatory on the ground that it calls for a legal conclusion due its demand for a description of the "complete bases for your contention that the marking and notice requirements of 35 U.S.C. § 287 have been met. InfoGation further objects to this request on the ground that it is rendered unintelligible through its reference to a "contention" regarding marking and notice requirements that InfoGation has not made. InfoGation further objects to this interrogatory on the ground that it is overbroad, unduly burdensome, and irrelevant because it is not limited to the territory of the United States. InfoGation further objects to this Request on the ground that it is rendered unintelligible and irrelevant through its reference to third parties that may have practiced the patent without a license.

Subject to and without waiving its objections, InfoGation incorporates by reference its response to Defendants' Common Interrogatory No. 3. InfoGation is not withholding any information on the basis of its objections. InfoGation's

arguments made in its briefs in opposition to Defendants' motions for judgment on the pleadings for invalidation of the asserted claim 15 of the '743 Patent:

- D.I. 45 in Case No. 3:16-cv-01901-H-JLB (ZTE) - InfoGation's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Judgment on the Pleadings under F.R.C.P. 12(C)

- D.I. 55 in Case No. 3:16-cv-01902-H-JLB (HTC) - InfoGation's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Judgment on the Pleadings under F.R.C.P. 12(C)

- D.I. 50 in Case No. 3:16-cv-01903-H-JLB (Huawei) - InfoGation's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Judgment on the Pleadings under F.R.C.P. 12(C)

InfoGation further incorporates by reference the Court's reasoning presented in Section III. Analysis of D.I. 52 in Case No. 3:16-cv-01901-H-JLB (ZTE) - ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS.

{K&K02074191}

| | |
|---|---|
| | As to objections: |
| DATED: April 6, 2017 | |
| | By: /s/ *John P. Pennington* |
| | Michael L. Kirby<br>Heather W. Schallhorn<br>KIRBY & KIRBY LLP, |
| | Edward A. Pennington (admitted pro hac vice)<br>John P. Moy (admitted pro hac vice)<br>Sean T.C. Phelan (admitted pro hac vice)<br>John P. Pennington (admitted pro hac vice)<br>SMITH, GAMBRELL & RUSSELL, LLP<br>1055 Thomas Jefferson St. NW, Suite 400<br>Washington, DC 20007<br>Tel: 202-263-4300<br>Fax: 202-263-4329<br>Email: epennington@sgrlaw.com<br>Email: jmoy@sgrlaw.com<br>Email: sphelan@sgrlaw.com<br>Email: jpennington@sgrlaw.com |
| | *Attorneys for Plaintiff* |